```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X

MARCO ALMONTE,                      :

                Plaintiff,          :   15 Civ. 6843 (PAE)(HBP)

    -against-                       :   OPINION
                                        AND ORDER
KENNETH HINES, et al.,              :

                Defendants.         :

-----------------------------------X
```

PITMAN, United States Magistrate Judge:

I write to resolve the parties' disputes concerning certain discovery requests served by plaintiff.

This is an action brought pursuant to 42 U.S.C. § 1983 in which plaintiff alleges that two New York City Police Officers stopped and frisked him without cause or reasonable suspicion, physically assaulted him and subsequently arrested him without probable cause. Plaintiff claims that as a result of the encounter he suffered a fractured wrist and hand and severe contusions and cuts to his forearm.

The discovery requests in issue appear to be primarily aimed at obtaining similar act evidence concerning the individual defendants. The admissibility of similar act evidence in Section 1983 excessive force cases has been met with mixed responses in this Circuit. In O'Neill v. Krzeminski, 839 F.2d 9 (2d Cir.

1988), all three members of the appellate panel took a different view as to the admissibility of the evidence but unanimously agreed that if there was error, it was harmless.  In Berkovich v. Hicks, 922 F.2d 1018 (2d Cir. 1991), the Court of Appeals held that the exclusion of such evidence was not an abuse of discretion.  And in Ismail v. Cohen, 899 F.2d 183 (2d Cir. 1990), the Court of Appeals held that the admission of such evidence was not an abuse of discretion.  These cases demonstrate that the admissibility of similar act evidence in an excessive-force case cannot be resolved by a broad-brush rule but must be the subject of an inquiry into the specific facts of the case.[1]

Although the foregoing decisions are material to the dispute before me, the issue before me is relevance within the meaning of Fed.R.Civ.P. 26(b)(1), not admissibility.  Even after the December 2015 amendments to the Federal Rules of Civil Procedure, the quantum of relevance necessary to warrant discovery is still lower than the quantum of relevance necessary for admissibility at trial.  A.M. v. Am. Sch. for the Deaf, No. 3:13CV1337 (WWE), 2016 WL 1117363 at *2 (D. Conn. Mar. 22, 2016);

---

[1] The opinions that do find such similar act admissible in an excessive force case have usually relied on Fed.R.Evid. 404(b) and have found the evidence to be relevant to the issue of the defendants' intent.  See Ismail v. Cohen, supra, 899 F.2d at 188-89; O'Neill v. Krzeminski, supra, 839 F.2d at 11 n.1.

2

accord Kelley v. City of Hamden, No. 3:15CV00977 (AWT), 2016 WL 5348568 at *4 (D. Conn. Sept. 23, 2016); see State Farm Mut. Auto. Ins. Co. v. Fayda, 14 Civ. 9792 (WHP)(JCF), 2015 WL 7871037 at *2 (S.D.N.Y. Dec. 3, 2015) (Francis, M.J.), aff'd, 2016 WL 4530890 (S.D.N.Y. Mar. 24, 2016) (Pauley, D.J.).

  The defendants do not challenge plaintiff's requests to the extent plaintiff is seeking substantiated prior complaints against the individual defendants, but defendants do object to the plaintiff's requests to the extent plaintiff seeks information concerning unsubstantiated complaints.  Although this is a distinction that Corporation Counsel routinely draws with respect to such requests, counsel does not explain the reason for this distinction.  As far as the record reflects, plaintiff was not a party to any prior disciplinary proceeding against the individual defendants nor was plaintiff a party to any proceeding before the Civilian Complaint Review Board ("CCRB").  Thus, he cannot be bound by any application of the doctrines of collateral estoppel or res judicata.  In addition, the mere fact that the CCRB found a prior charge to be unsubstantiated does not necessarily imply actual innocence; a charge may be found to be unsubstantiated simply because the complaining witness failed to appear.  I conclude that the better view is that plaintiff is entitled to discovery of both substantiated and unsubstantiated charges of

misconduct concerning similar alleged conduct.  <u>Pacheco v. City of New York</u>, 234 F.R.D. 53, 54 (E.D.N.Y. 2006); <u>Fountain v. City of New York</u>, 03 Civ. 4526 (RWS), 2004 WL 941242 at *2 (S.D.N.Y. May 3, 2004) (Sweet, D.J.) (collecting cases), <u>reconsidered in part</u>, 2004 WL 1474695 (S.D.N.Y. June 30, 2004).  Although the complaints themselves would, in all probability, be inadmissible as hearsay, they may permit plaintiff to identify and locate the complainant and secure evidence of similar acts in admissible form.

To the extent that defendants are willing to produce responsive information and documents, they state that they are willing to do so only after an appropriate protective order is entered.  Defendants, however, offer no explanation of why a protective order is appropriate.  Accordingly, to the extent defendants are claiming that a protective order is appropriate with respect to the discovery sought by plaintiff, their application is denied without prejudice to a renewed application that explains why a protective order is appropriate.

With these general principles in mind, I turn to the specific requests in issue.

> <u>Interrogatory No. 1.</u>: On the night of December 5th, 2013 police officer Kenneth Hines was on or had previously been placed on "performance monitoring" for excessive complaints that he used excessive force.  The plaintiff requests, exposure into the records [<u>sic</u>] and

>     all documents related including all facts related as,
>     when, why and for how long officer "Hines" was placed
>     on performance monitoring.

>     <u>Ruling</u>:  Defendants are to produce responsive documents, if any, for a period of five years prior to the date of the alleged incident giving rise to this action to the extent, if any, the performance monitoring was the result of either Officer Hines' actual or alleged use of excessive force or falsification of official documents.

>     <u>Interrogatory No. 2</u>:  Plaintiff requests, copies of all
>     reports where excessive force was alleged to have been
>     committed by officer Kenneth Hines and officer Laura
>     Cadavid to which false or exaggerated arrest reports
>     and complaints were filed.

>     <u>Ruling</u>:  Defendants are to produce responsive documents, if any, for a period of five years prior to the date of the alleged incident giving rise to this action to the extent, if any, such documents reflect allegations that Officer Hines or Officer Cadavid either used excessive force or falsified official documents.

>     <u>Interrogatory No. 3</u>:  Plaintiff requests, the Civilian
>     Complaint Review Board complaints against Defendants
>     P.O. Kenneth Hines and P.O. Laura Cadavid including the
>     names, telephone numbers and addresses of said complainants.

>     <u>Ruling</u>:  Defendants are to produce responsive documents, if any, for a period of five years prior to the date of the alleged incident giving rise to this action to the extent, if

any, such documents reflect allegations that Officer Hines or Officer Cadavid either used excessive force or falsified official documents.

> Interrogatory No. 4:  Plaintiff requests, all documentary evidence and facts or omissions [sic] directly or indirectly related to the case where officer Kenneth Hines' service weapon was used in a crime.

Ruling:  The defendants' objections are sustained.  The requested discovery is irrelevant to plaintiff's claims of the use of excessive force and false arrest.  The information sought does not make plaintiff's allegations more likely or less likely true.

> Interrogatory No. 5:  Plaintiff requests, all documentary evidence, 911 calls recorded, complaint[s], photos and reports related to officer Kenneth Hines being arrested during [Hurricane] Sandy for domestic violence.

Ruling:  The defendants' objections are sustained.  The requested discovery is irrelevant to plaintiff's claims of the use of excessive force and false arrest.  The information sought does not make plaintiff's allegations more likely or less likely true.

> Interrogatory 6:  Plaintiff requests, all documents, photos, complaints, hospital reports related to the case of Pujols, et al. v. City of New York, et al., 11 CV 3328 (S.D.N.Y.); Wright and Abdul Bashir v. City of New York, 07 CV 2093 (S.D.N.Y.); Alpha Jalloh v. The City of New York and Kenneth Hines, 13 CV 1008; Solano, et al. v. City of New York, 0309062/2012.

6

Ruling: Pujols, Wright and Jalloh are all other actions brought against Officer Hines alleging excessive force and false arrest. It also appears that all three matters were settled. I shall assume that Solano was a similar matter, although I do not have access to any information concerning the matter. In addition to reasserting their general objections, defendants object to this request as follows: "Defendants further object [to Interrogatory No. 6] to the extent it implicates the sealing provision of N.Y.C.P.L. § 160.50, § 160.55, § 190.25(4), F.C.A. § 375.1 and/or HIPPAA [sic]."

New York Criminal Procedure Law Sections 160.50 and 160.55 relate to the sealing of records after the completion of a state criminal proceeding in which the charges are dismissed or result in convictions for non-criminal offenses. Because the foregoing actions are civil actions, defendants' blanket reliance on these provisions to block discovery of all documents concerning several civil actions is non-sensical and appears to violate Fed.R.Civ.P. 26(g)(1)(B). Defendants' reliance on New York Criminal Procedure Law Section 190.25(4), which relates to the confidentiality of grand jury proceedings, and Family Court Act Section 375, which relates to the sealing of certain Family Court proceedings, suffers from the same defect. Finally, defendants' non-specific citation of Health Insurance Portability and Ac-

7

countability Act ("HIPAA"), with no explanation of how the statute applies to litigation records, is defective under Fed.R.Civ.P. 34(b)(2)(B). As reported on Westlaw, HIPAA, exclusive of its implementing regulations, is 95 pages long. Defendants' blanket reference to "HIPPAA [sic]", with no citation to a specific statutory provision or regulation, in response to a document request seeking documents concerning closed civil litigations does not "state with specificity the grounds for objecting to the request, including the reasons" as required by Fed.R.Civ.P 34(b)(2)(B) and also appears to violate Fed.R.Civ.P. 26(g)(1)(B). Because defendants have not validly stated objections to Interrogatory 6, they are directed to produce responsive documents.

To the extent the foregoing overrules defendants' objections, defendants are to produce responsive documents no later than December 9, 2016.

Dated:  New York, New York
        November 18, 2016

SO ORDERED

HENRY PITMAN
United States Magistrate Judge

Copies mailed to:

Mr. Marco Almonte
Reg. No. 69856-054
FCI - Otisville
P.O. Box 1000
Otisville, New York  10963

Eviana L.F. Englert, Esq.
Assistant Corporation Counsel
City of New York
NYC Law Department
100 Church Street
New York, New York  10007