```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
MARCO ALMONTE,                     :

             Plaintiff,            :    15 Civ. 6843 (PAE)(HBP)

      -against-                    :    OPINION
                                        AND ORDER
KENNETH HINES, et al.,             :

             Defendants.           :
-----------------------------------X
```

PITMAN, United States Magistrate Judge:

I write to resolve the discovery disputes raised in plaintiff's letter December 28, 2016 (Docket Item ("D.I.") 38) and addressed in defendants' letter dated January 9, 2017 (D.I. 39).

In his first interrogatory, plaintiff asked for the following:

> Interrogatory No. 1.: On the night of December 5th, 2013 police officer Kenneth Hines was on or had previously been placed on "performance monitoring" for excessive complaints that he used excessive force. The plaintiff requests, exposure into the records [sic] and all documents related including all facts related as, when, why and for how long officer "Hines" was placed on performance monitoring.

In an Order dated November 18, 2016 (D.I. 35), I directed defendants "to produce responsive documents, if any, for a period of five years prior to the date of the alleged incident giving rise

to this action to the extent, if any, the performance monitoring was the result of either Officer Hines' actual or alleged use of excessive force or falsification of official documents." Plaintiff claims that the documents he received in response to this item indicate that at least part of the reason Hines was placed on performance monitoring was his disciplinary history but that documents concerning that disciplinary history were not produced. Defendants' do not dispute this description of their response and cryptically state "Defendants respectfully submit that they have produced the entirely of the Performance Monitoring File." Defendants do not otherwise address their failure to produce the portions of Hines' disciplinary history that contributed to his being placed on performance monitoring. If there are documents concerning Hines' disciplinary history that bear on his being placed on performance monitoring, they fall within the scope of my November 18 Order. Within 14 days of the date of this Order, defendants are to produce all documents concerning Hines' disciplinary that (1) predate his being placed on performance monitoring and (2) relate to Hines' actual or alleged use of excessive force or falsification of official documents.

Defendants' January 9 letter adequately explains their response the references in the documents to Hines' probationary status, and no further production concerning this issue is required.

Defendants' January 9 letter adequately explains the redactions from Hines' CCB history, and no further production concerning this issue is required.

With respect to Interrogatory 6, defendants are ordered to produce the complaint in <u>Wright and Abdul Bashir v. City of New York</u>, 97 Civ. 2093 (S.D.N.Y.) within 14 days of the date of this Order. Although this document was not filed electronically on the Court's ECF system, there is no indication in the docket sheet that it was ever sealed or otherwise afforded confidential treatment. The simple fact that defendants' counsel cannot access it electronically is not a basis to withhold it. Defendants' invitation to plaintiff to identify any other documents he is seeking in response to this Interrogatory is otherwise sufficient.

Dated:   New York, New York
         January 31, 2017

                                        SO ORDERED

                                        _____
                                        HENRY PITMAN
                                        United States Magistrate Judge

3

Copies mailed to:

Mr. Marco Almonte
No. 53552
Morris County Correctional Facility
43 John Street
Morristown, New Jersey  07960

Eviana L.F. Englert, Esq.
Assistant Corporation Counsel
City of New York
NYC Law Department
100 Church Street
New York, New York  10007