USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/21/2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- X

MARCO ALMONTE,

                            Plaintiff,

            -v-

CITY OF NEW YORK, KENNETH HINES, LAURA
CADAVID,

                           Defendants.

------------------------------------------------------------- X

15 Civ. 6843 (PAE)

OPINION & ORDER

PAUL A. ENGELMAYER, District Judge:

*Pro se* plaintiff Marco Almonte ("Almonte") brings this action pursuant to 42 U.S.C. § 1983, alleging that police officers Kenneth Hines ("Hines") and Laura Cadavid ("Cadavid") violated his civil rights by unlawfully stopping him and subjecting him to excessive force on December 5, 2013. Defendant City of New York (the "City") and Hines and Cadavid (together, "defendants"), now move for partial summary judgment, limited to Almonte's claims relating to the stop, pursuant to Federal Rule of Civil Procedure 56. For the reasons that follow, the Court grants defendants' motion for partial summary judgment.

I.       **Background**[1]

---

[1] The Court's account of the underlying facts is drawn primarily from defendants' submissions in support of their motion, including the Declaration of Eviana Englert in support of defendants' motion for summary judgment ("Englert Decl.") (Dkt. 75), and the exhibits attached thereto; and defendants' Rule 56.1 statement ("Def. 56.1") (Dkt. 74). Almonte, in his opposition to defendants' motion for summary judgment, did not file an opposing Rule 56.1 statement. "*Pro se* litigants are then not excused from meeting the requirements of Local Rule 56.1." *Wali v. One Source Co.*, 678 F. Supp. 2d 170, 178 (S.D.N.Y. 2009). Therefore, where facts stated in a party's 56.1 statement are supported by testimonial or documentary evidence, and are not contradicted by admissible evidence, the Court has found such facts to be true. *See* S.D.N.Y. Local Rule 56.1(c) ("Each numbered paragraph in the statement of material facts set forth in the

1

### A. The Stop, Arrest, and Prosecution of Almonte

Shortly before midnight on December 4, 2013, Hines and Cadavid were patrolling the 44th Precinct in a marked police car. Englert Decl. Ex. G ("Supp. Hg. Tr.") at 100–01 (Cadavid).[2] Shortly after midnight, the officers arrived at Claremont Park, which had recently been the site of a string of robberies. Supp. Hg. Tr. at 27–29 (Hines). At approximately 12:18 a.m., Almonte entered Claremont Park. Englert Decl. Ex. N ("Pl.'s Dep. Tr.") at 36. At approximately 12:45 a.m., Hines and Cadavid observed Almonte in the park. Englert Decl. Ex. A ("Arrest Report") at D 0001. At the time, the park was closed to the public. Supp. Hg Tr. at 31–32, 33–34 (Hines). Hines and Cadavid began to approach Almonte in their marked police car. *Id.* at 38 (Hines). Almonte looked in the direction of the car and proceeded to the park exit. *Id.* As Almonte made to exit the park, Hines called out to him. *Id.* at 39 (Hines). Almonte stopped near the entrance to Claremont Park, and approached the police car. Pl.'s Dep. Tr. at 41, 42–43. Cadavid attempted to issue a summons for trespassing in the park after hours. Arrest Report at D 0001. Almonte then fled from the officers and began running down a street adjacent to the park. *Id.* As he ran, Almonte removed his jacket and threw it off. Supp. Hg. Tr.at 43 (Hines). The officers recovered a loaded revolver from inside the jacket Almonte had discarded. Arrest Report at D 0001.

---

statement required to be served by the moving party will be deemed to be admitted for purposes of the motion unless specifically controverted by a correspondingly numbered paragraph in the statement required to be served by the opposing party."). Further, the Court's review of the record did not reveal any contradictions between defendants' statement and the evidence defendants submitted in support of their motion. *See Smith v. City of New York*, No. 12-CV-4892, 2014 WL 5324323, at *1 n.1 (S.D.N.Y. Oct. 20, 2014).

[2] The Court cites testimony from the suppression hearing in Almonte's criminal case as "Supp. Hg. Tr." and lists the name of the testifying witness afterwards in parentheses.

Minutes after Almonte took flight, at approximately 12:50 a.m. on December 5, 2013, Almonte was arrested on several state charges, including various counts of criminal possession of a weapon, resisting arrest, obstructing governmental administration, and criminal trespass. *Id.* On December 19, 2013, Almonte was indicted in New York State Supreme Court in Manhattan on charges of (1) criminal possession of a weapon in the second degree; (2) criminal possession of a weapon in the third degree; (3) criminal possession of a weapon in the fourth degree; (4) criminal possession of a firearm; and (5) false personation. Englert Decl. Ex. E (Certificate of Indictment, No. 3967-13). On February 7, 2014, he was also indicted in federal court for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Englert Decl. Ex. F (Indictment, No. 14-CR-86 (KPF)), at D 0328. The federal indictment, like the state indictment, arose from the December 5, 2013 incident in Claremont Park. Def. 56.1 ¶ 30. On May 9, 2014, all pending state criminal charges were dismissed. Def. 56.1 ¶ 38. The federal charge proceeded. Def. 56.1 ¶ 41.

### B. The Suppression Hearing in Almonte's Criminal Case

On May 6, 2014, a suppression hearing was held before the Honorable Katherine Polk Failla, United States District Judge, in *United States v. Almonte*, 14 CR 86 (KPF). *See generally* Supp. Hg. Tr. In pursuing suppression, Almonte argued that any physical evidence seized on December 5, 2013 was the fruit of an unlawful stop in violation of the Fourth Amendment. Hines and Cadavid testified, and Almonte's counsel had the opportunity to cross-examine the Government's witnesses and to present witnesses of his own. Def. 56.1 ¶¶ 32–33.

On May 23, 2014, the Court denied Almonte's motion to suppress. Judge Failla held that (1) the initial encounter between Almonte, Hines, and Cadavid in Claremont Park on December 5, 2013, had been consensual; (2) the officers had reasonable suspicion to stop Almonte under

3

*Terry v. Ohio*, 392 U.S. 1 (1968) because he was present in Claremont Park after it had closed for the evening; (3) Almonte's decision to flee from the officers after briefly speaking with them provided additional reasonable suspicion to support a *Terry* stop; and (4) even if the stop had been unlawful, there was no basis to suppress the evidence found in Almonte's jacket because Almonte had abandoned the jacket while fleeing and so lacked a reasonable expectation of privacy in it. Englert Decl. Ex. H (May 23, 2014 Tr.). Almonte moved for reconsideration. His motion was denied. Def. 56.1 ¶ 36.

After a jury trial, Almonte was convicted of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). On January 25, 2016, he was sentenced to 72 months' imprisonment. Def. 56.1 ¶¶ 42–43. On May 31, 2017, the Second Circuit affirmed Almonte's conviction. *See United States v. Almonte*, 694 F. App'x 35 (2d Cir. 2017), *cert. denied*, 138 S. Ct. 2665 (2018).

### C.     Procedural History of This Action

On August 28, 2015, Almonte, proceeding *pro se*, brought this action under 42 U.S.C. § 1983, alleging that, during the December 5, 2013 incident, Hines and Cadavid had subjected him to an unlawful stop and had used excessive force. Dkt. 2. Specifically, Almonte alleges that the officers stopped him without probable cause, struck him, applied choke holds, and dragged him along the ground, causing injuries to his left forearm, wrist, and hand. Compl. at 3. He seeks, *inter alia*, $2 million in compensatory damages. *Id.* at 5.

On September 15, 2017, defendants moved for partial summary judgment as to Almonte's unlawful stop claim pursuant to Federal Rule of Civil Procedure 56. Dkt. 72. They also moved for summary judgment on any § 1983 claim based on false arrest or on any similar state-law claim, to the extent that Almonte's complaint is construed to contain such claims.

4

Finally, defendants move to dismiss any § 1983 claims against the City of New York. They do not move, however, against Almonte's excessive force claim. On October 19, 2017, Almonte opposed defendants' motion. Dkt. 78.

## II. Legal Standard

To prevail on a motion for summary judgment, the movant must "show[] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the burden of demonstrating the absence of a question of material fact. *See Vt. Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir. 2004). In making this determination, the Court must view all facts "in the light most favorable" to the non-moving party. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *see also Holcomb v. Iona Coll.*, 521 F.3d 130, 132 (2d Cir. 2008). Only disputes over "facts that might affect the outcome of the suit under the governing law" will preclude a grant of summary judgment. *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248 (1986). In determining whether there are genuine issues of material fact, the Court is "required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." *Johnson v. Killian*, 680 F.3d 234, 236 (2d Cir. 2012) (citing *Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir. 2003)).

## III. Discussion

### A. Unlawful Stop Claim

In the first § 1983 claim at issue on this motion, Almonte alleges that Hines and Cadavid violated his constitutional rights by conducting an unlawful stop. Defendants counter that Almonte is collaterally estopped from alleging an unlawful stop. Specifically, they argue that in denying Almonte's motion in his criminal case to suppress the fruits of the stop, Judge Failla

5

necessarily determined that the December 5, 2013 stop was lawful, estopping Almonte from arguing the contrary here. The Court agrees: Under the circumstances of this case, collateral estoppel bars Almonte's unlawful stop claim.

"The Supreme Court has long since removed any doubt that the doctrine of collateral estoppel applies to actions brought under § 1983." *Green v. Kadilac Mortg. Bankers*, 936 F. Supp. 108, 114 (S.D.N.Y. 1996) (citing *Allen v. McCurry*, 449 U.S. 90, 104–05 (1980)). The doctrine of collateral estoppel will bar a claim "if the facts actually determined in the plaintiff's prior criminal conviction necessary to that judgment are incompatible with the claim . . . being raised in the subsequent civil suit." *Russo v. DiMilla*, 894 F. Supp. 2d 391, 407 (S.D.N.Y. 2012) (quoting *Diggs v. N.Y. Police Dep't*, No. 04-CV-1849, 2005 WL 3533158, at *3 (E.D.N.Y. Dec. 22, 2005)). "Four elements must be met for collateral estoppel to apply: (1) the issues of both proceedings must be identical, (2) the relevant issues were actually litigated and decided in the prior proceeding, (3) there must have been 'full and fair opportunity' for the litigation of the issues in the prior proceeding, and (4) the issues were necessary to support a valid and final judgment on the merits." *Central Hudson Gas & Elec. Co. v. Empresa Naviera Santa S.A.*, 56 F.3d 359, 368 (2d Cir. 1995). The party asserting preclusion bears the burden of showing that an issue is identical to one that was raised and necessarily decided in the prior action. *Sullivan v. Gagnier*, 225 F.3d 161, 166 (2d Cir. 2000).

Courts in this Circuit have repeatedly barred § 1983 claims attempting to relitigate in federal court issues decided against them in prior criminal proceedings, whether held in federal or state court. *See, e.g.*, *Mitchell v. Hartnett*, 262 F. Supp. 2d 153, 155 (S.D.N.Y. 2003) (state court decision collaterally estopped plaintiff from relitigating, in a § 1983 action, the lawfulness of his arrest); *Reyes v. City of New York*, No. 10-CV-1838, 2012 WL 37544, at *3–4 (E.D.N.Y.

Jan. 9, 2012) (state court decision denying pre-trial motion in state court barred § 1983 false arrest and false imprisonment claims); *McBride v. Bratton*, No. 95-CV-9626, 1996 WL 636075, at *3 (S.D.N.Y. Nov. 4, 1996), *aff'd* 122 F.3d 1056 (2d Cir. 1997) (dismissing § 1983 false arrest claim where a court had previously held that the arrest was supported by probable cause).

So too here. Almonte argues that he was subjected to an unconstitutional stop. But Judge Failla necessarily considered and rejected that very claim in denying Almonte's suppression motion. She held that the stop was proper because Almonte's initial encounter with Hines and Cadavid had been consensual and because there had been reasonable suspicion to stop Almonte for being present in Claremont Park after hours. May 23, 2014 Tr. at 11. Almonte, with the assistance of counsel, had a full and fair opportunity to litigate these issues: Judge Failla conducted a suppression hearing at which Hines and Cadavid testified and were subject to cross-examination; Almonte had an opportunity to testify on his own behalf and present witnesses and evidence. Def. 56.1 ¶ 33. Following the hearing, Judge Failla issued an order making detailed findings of fact holding the December 5, 2013 stop lawful and denying Almonte's suppression motion. Almonte's ensuing conviction, supported by the physical evidence which his suppression motion sought to suppress, was sustained on appeal,

Judge Failla's ruling thus precludes here Almonte's present civil-damages claim, in connection with the same episode, that he was subjected to an unlawful stop. Almonte cannot now relitigate those issues. Accordingly, the Court finds that Almonte's § 1983 unlawful stop claim is barred by collateral estoppel. Defendants' motion is granted as to this claim.[3]

### B. False Arrest Claim

---

[3] Because the Court finds that Almonte's unconstitutional stop claim is barred by collateral estoppel, it does not reach defendants' alternative argument that the officers are entitled to qualified immunity as to that claim.

Because Almonte is *pro se*, the Court must construe his pleading liberally. *See LaBounty v. Adler*, 933 F.2d 121, 122 (2d Cir. 1991). Almonte's complaint states that the officers attempted to frisk him "without probable cause" and did not permit him to leave their presence. Compl. at 3. In the same vein, he states in his opposition to defendants' motion for summary judgment that he was seized "without probable cause for an arrest." Pl.'s Mem. of Law in Opp'n at 2. The Court therefore construes Almonte's complaint also to allege false arrest as a basis for a claim of damages under § 1983.

As to that claim, too, defendants are entitled to summary judgment. "When an arrest results in conviction, that conviction is an absolute defense to Section 1983 claims asserting that the arrest was made without probable cause." *Jenkins v. Elder*, No. 12-CV-4165, 2015 WL 5579699, at *4 (E.D.N.Y. Sept. 22, 2015) (citing *Cameron v. Fogarty*, 806 F.2d 380, 386–89 (2d Cir. 1986)); *see also Walker v. Youman*, No. 02-CV-5957 (NGG), 2006 WL 525921, at *4 (E.D.N.Y. Mar. 3, 2006). Such is the case here. On December 3, 2015, Almonte was arrested and charged with, among other things, criminal possession of a weapon in both the second and third degrees. He was later charged with and convicted of a similar federal offense—being a felon in possession of a weapon—based on the same conduct. In order to attack the validity of an arrest that resulted in a conviction, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 22 U.S.C. § 2254." *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). Almonte has made no such showing. Accordingly, his § 1983 claim based on a false arrest theory must fail. *Id.*; *see also Feurtado v. Gillespie*, No. 04-CV-3405, 2005 WL 3088327, at *5–6 (E.D.N.Y. Nov. 17, 2005) (holding § 1983 false arrest claim barred where

8

plaintiff had been convicted of a charge that was "based on the same facts, occurrences, and evidence" as crime for which the plaintiff was arrested).[4]

## C. Municipal Policy or Custom Depriving Constitutional Rights

Finally, defendants argue that Almonte has failed to state a claim against the City. To state a claim against a municipality under § 1983, a plaintiff must assert that an official municipal policy or custom was the moving force behind the plaintiff's alleged injury. *See Monell v. N.Y.C. Dep't of Soc. Servs.*, 436 U.S. 658, 690–91 (1978). However, Almonte's Complaint, even when construed liberally, does not set forth a *Monell* claim. The Complaint does list the New York Police Department 44th Precinct as a defendant in the case caption, Compl. at 1, and on September 22, 2015, the Court dismissed the 44th Precinct and substituted the City, Dkt. 6. But the Complaint does not assert that Hines or Cadavid were acting in accordance with a municipal policy or custom. Indeed, the body of the complaint identifies only two defendants, Hines and Cadavid, and makes no reference to the City at all. Compl. at 1–2. Accordingly, the Court does not construe the Complaint to allege a *Monell* claim against the City and orders that the City be removed from the caption of this case.

## CONCLUSION

For the foregoing reasons, defendants' motion for partial summary judgment is granted. The Court therefore dismisses Almonte's § 1983 claims alleging an unlawful stop and a false

---

[4] Defendants argue that to the extent that Almonte brings state-law claims, those claims are deficient. However, Almonte's Complaint makes no reference to a state law cause of action, and Almonte disavows asserting such a claim. *See* Pl.'s Mem. of Law in Opp'n at 5 ("The Plaintiff's argument is in no form or fashion a state law tort claim . . . ."). Accordingly, the Court does not construe the complaint to allege any state-law claims.

9

arrest. The Clerk of Court is respectfully directed to remove the City of New York from the caption of this case and to terminate the motion pending at docket number 72.

Defendants are directed, by August 24, 2018, to serve this Opinion & Order on Almonte by certified mail. One claim now remains in this case: Almonte's claim against Hines and Cadavid under § 1983 alleging excessive force. That claim will now proceed to trial. Defendants are directed to confer with Almonte by August 31, 2018, and to submit, by September 5, 2018, a letter to the Court, setting forth the parties' respective views as to the duration of a trial. The Court will then set a trial date, as well as a due date for the parties' joint pretrial order.

SO ORDERED.

                                                                            Paul A. Engelmayer
                                                                           United States District Judge

Dated: August 21, 2018
        New York, New York