USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6-19-19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - -X
MARCO ALMONTE,

              Plaintiff,        15 Civ. 6843 (JFK)

    - against -                **ORDER**

KENNETH HINES and LAURA CADAVID,

              Defendants.
- - - - - - - - - - - - - - - - - - -X

**JOHN F. KEENAN, United States District Judge**

    On June 12, 2019, the Court received Defendants' motion for reconsideration of Judge Stanton's June 3, 2019 order (the "June 3 Order") on the parties' motions in limine. (ECF No. 132.) Plaintiff's opposition, dated June 17, 2019, and Defendants' reply, dated June 18, 2019, have been received and considered. (ECF Nos. 135 & 136.) For the reasons below, the Court modifies the June 3 Order so as to (1) allow Defendants to admit evidence pertaining to Plaintiff's loaded firearm and (2) preclude Plaintiff from mentioning the City of New York at trial, except in the limited circumstances stated below.

**Legal Standard**

    Plaintiff argues that the Defendants' motion is barred by the strict standards for a motion for reconsideration, which is "an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." Inspired Capital, LLC v. Conde Nast, No. 18-CV-712

1

(JFK), 2019 WL 2191249, at *3 (S.D.N.Y. May 21, 2019). However, that general standard does not apply with full force to a motion in limine, for which "even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous in limine ruling." Luce v. United States, 469 U.S. 38, 41-42 (1984). Indeed, Judge Stanton evidentially anticipated as much when he stated, in his June 3 Order, that "one or more of these predictive rulings may be altered." (ECF No. 130.)

## Discussion

### I. Evidence Pertaining to Plaintiff's Weapons

Defendants first argue that they should be allowed to introduce evidence pertaining to the Plaintiff's possession of a firearm and a knife at the time of his arrest. Only relevant evidence—that which "has any tendency to make a fact more or less probable than it would be without evidence" and where "the fact is of consequence in determining the action"—is admissible at trial. See Fed. R. Evid. 401 & 402. Questions of excessive force hinge on the Defendants' "knowledge of circumstances immediately prior to and at the moment [they] made the split-second decision to" use force. Salim v. Proulx, 93 F.3d 86, 92 (2d Cir. 1996). Accordingly, the relevant question at issue in this case is whether the force used on Almonte was "objectively reasonable in light of the facts and circumstances confronting [the

Defendants]." Rogoz v. City of Hartford, 796 F.3d 236, 247 (2d Cir. 2015). Proper application of the test of reasonableness in this context requires "careful attention to the facts and circumstances of a particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of others, and whether he is actively resisting arrest or attempting to evade arrest by flight." Id. at 246 (citing Tennessee v. Garner, 471 U.S. 1, 8-9 (1985)).

Since Officers Hines and Cadavid did not discover the weapons until after Hines' use of force against Almonte, their existence is not relevant to the severity of the crime at issue or the officers' assessment of whether the suspect posed an immediate threat to the safety of others. The existence of the weapons does, however, address the issue of whether Almonte was actively resisting arrest or attempting to evade arrest by flight—as Hines and Cadavid allege—or he was simply walking away from officers who were asking questions he was not required to answer—as Almonte alleges. Indeed, where, as here, a case is "narrowed to the credibility of two [or three] persons . . . there is a greater, not less, compelling reason to explore all avenues which would shed light on which of the two [or three] witnesses is to be believed." United States v. Ortiz, 553 F.2d 782, 785 (2d Cir. 1977). To prevent the jury from learning about Almonte's possible motive for running or resisting arrest-because

he was carrying a loaded firearm—will unduly bolster Almonte's version of events, while leaving the jury with an incomplete and misleading narrative.

## II. Evidence Pertaining to Plaintiff's Conviction

Defendants also request that the Court allow them to introduce evidence pertaining to the Plaintiff's past conviction for possession of the same firearm. (ECF No. 134 at 7.)

Under Federal Rule of Evidence 609, an opposing party may attack a witness's character for truthfulness by evidence of a criminal conviction if (1) the crime was in the convicting jurisdiction, (2) was punishable by death or imprisonment of more than one year, and (3) the witness is not a defendant in the case. Fed. R. Evid. 609(a)(1). Such an admission is, however, subject to the Court conducting a Rule 403 "balancing test" to exclude relevant evidence if its probative value is substantially outweighed by unfair prejudice. Fed. R. Evid. 403; Old Chief v. United States, 519 U.S. 172, 184-85 (1997). In applying this test, courts examine: (1) the impeachment value of the prior crime, (2) the remoteness of the prior conviction, (3) the similarity between the past crime and the conduct at issue, and (4) the importance of the credibility of the witness. See United States v. Hayes, 553 F.2d 824, 828 (2d Cir. 1977).

As Almonte was convicted in this district, was sentenced to more than a years' imprisonment, and is not a defendant in this

case, his federal conviction is admissible subject to Rule 403's limitations. The Court finds that Rule 403's "balancing test" weighs against admitting evidence of Almonte's conviction. Almonte's conviction for possession of a firearm says very little about his character for truthfulness. Presenting evidence of his conviction for possession of a firearm does, however, create a significant risk that the jury will be misled and unfairly prejudiced against Almonte, and that it will confuse the issues before it, especially considering that his conviction arose out of the same facts at issue here. Accordingly, the Court bars any evidence pertaining to Almonte's past conviction for firearm possession from being presented to the jury unless Plaintiff opens the door. Similarly, materials that bear any indicia that Almonte was incarcerated or the subject of a criminal proceeding will be precluded or redacted as appropriate.

### III. Evidence or References to the City of New York

Finally, Defendants request that the Court allow them to admit evidence or references to the City of New York (the "City"). The City should not be mentioned at trial. The City is not a party to this lawsuit, and there is no claim for municipal liability or vicarious liability. Any reference to the City could unfairly prejudice Defendants because it may lead the jury to believe that they may be indemnified by the City, which is commonly viewed as a "deep pocket" for the purposes of any

potential judgment.  See Jean-Laurent v. Hennessy, 840 F. Supp. 2d 529, 549 (E.D.N.Y. 2011).

Plaintiff argues that the City is relevant because the "under the color of" clause of § 1983 requires that the alleged wrongdoer qualify as a representative of the state; yet Defendants have not disputed that they acted "under color of" law.  Plaintiff also argues that mention of the City is necessary to understand the context of the events on December 5, 2013, when NYPD officers arrested Plaintiff in a City park and transported him to an NYPD precinct.  Plaintiff may establish that defendants are NYPD police officers and that Claremont Park is a City park, but no mention of the City itself from which it could be inferred that the City might be a source of indemnification is allowed.

### Conclusion

For the reasons above, the Court hereby the Court MODIFIES the June 3 Order so as to (1) allow Defendants to admit evidence pertaining to Plaintiff's loaded firearm and (2) preclude Plaintiff from mentioning the City of New York at trial, except in the limited circumstances stated above.

The Clerk of Court is respectfully directed to terminate the motion docketed at ECF No. 132.

**SO ORDERED.**

Dated: New York, New York
       June 19, 2019

_John F. Keenan_
John F. Keenan
United States District Judge