USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 06/24/2019

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - -X

MARCO ALMONTE,                            :
                                          :
                    Plaintiff,            :            15 Civ. 6843 (JFK)
                                          :
          - against -                     :            **ORDER**
                                          :
KENNETH HINES and LAURA CADAVID,          :
                                          :
                    Defendants.           :
- - - - - - - - - - - - - - - - - - -X

**JOHN F. KEENAN, United States District Judge**

On June 18, 2019, the Court received Defendants' letter
motion raising additional in limine issues. (ECF No. 138.)  The
Court rules as follows:

(1)  Defendants' request that the Court rule on the outstanding

     motions in limine (documents that were not timely disclosed;

     evidence or arguments regarding already dismissed or

     withdrawn claims; and Plaintiff's alleged fake name) is

     deferred until trial, as consistent with the Court's initial

     ruling on the parties' motions in limine. (ECF No. 130.)

     However, Plaintiff may not make arguments related to already

     dismissed or withdrawn claims, and should be prepared with

     an offer of proof regarding any evidence he introduces.

(2)  Defendants' request to preclude Plaintiff from testifying or

     arguing about Eric Garner, "I can't breathe," and anti-

     police protests is granted.  Under Rule 402, those

     references are not relevant to this case, since Defendants

     had no involvement in Eric Garner's case and the City of New

-1-

York is not a party and there is no claim for <u>respondeat</u>

<u>superior</u> or municipal liability premised on the use of

chokeholds.  Even if such evidence were relevant, the unfair

prejudice to the individual Defendants would substantially

outweigh any probative value under Rule 403.

(3)    Defendants' request to preclude Plaintiff from arguing that

the jury should "send a message" is granted.  Usage of that

phrase or similar terminology would be prejudicial and

inflammatory under Rule 403, and could mislead the jury as

to its proper role.

(4)    Defendants' request to preclude Plaintiff from arguing that

Defendants could have used a lesser degree of force is

granted.  "[C]ourts have consistently held that 'the

appropriate inquiry is whether the officers acted

reasonably, not whether they had less intrusive alternatives

available to them.'" <u>Estate of Jaquez v. Flores</u>, No. 10 Civ.

2881 (KBF), 2016 WL 1060841, at *5 (S.D.N.Y. Mar. 17, 2016)

(quoting <u>Scott v. Henrich</u>, 39 F.3d 912, 915 (9th Cir.

1994)); <u>see also, e.g.</u>, <u>Bancroft v. City of Mt. Vernon</u>, 672

F. Supp. 2d 391, 406 (S.D.N.Y. 2009) (if force used was not

unreasonable, "it does not matter that some less intrusive

alternative would have done the job").

(5)    Defendants' request to preclude Plaintiff from offering

causation testimony about any alleged injuries is denied,

except where "the nexus between the injury and the alleged

cause would not be obvious to the lay juror." <u>Wills v.</u>
<u>Amerada Hess Corp.</u>, 379 F.3d 32, 46 (2d Cir. 2004).  For
those injuries, likely the tendonitis and metacarpal
deformities, expert evidence would be required to establish
a causal connection.

**SO ORDERED.**

Dated: New York, New York
      June 24, 2019

                                  John F. Keenan
                         United States District Judge