```
UNITED STATES DISTRICT COURT        USDC SDNY
SOUTHERN DISTRICT OF NEW YORK       DOCUMENT
------------------------------ X    ELECTRONICALLY FILED
MARCO ALMONTE,                 :    DOC #: _____
                               :    DATE FILED: 03/11/2020
            Plaintiff,         :
                               :
      -against-                :    No. 15 Civ. 6843 (JFK)
                               :    OPINION & ORDER
KENNETH HINES and LAURA        :
CADAVID,                       :
                               :
            Defendants.        :
------------------------------ X
```

APPEARANCES

FOR PLAINTIFF MARCO ALMONTE:
    Andrew J. Peck
    Jessica A. Masella
    Lane E. McKee
    George P. Burns
    Michael G. Lewis
    DLA PIPER LLP (US)

FOR DEFENDANTS KENNETH HINES & LAURA CADAVID:
    Brachah Goykadosh
    Daron R. Ravenborg
    CORPORATION COUNSEL OF THE CITY OF NEW YORK

**JOHN F. KEENAN, United States District Judge**:

    Defendants Detective Kenneth Hines ("Hines") and Officer Laura Cadavid ("Cadavid") (together, "Defendants"), New York City police officers, bring a motion for attorneys' fees and sanctions pursuant to Federal Rule of Civil Procedure 54, 42 U.S.C. § 1988, and 28 U.S.C. § 1927 against Plaintiff Marco Almonte ("Almonte") and his pro bono, court-appointed trial counsel, DLA Piper LLP (US) ("DLA Piper" or "Almonte's Counsel"), (together, "Plaintiff") following a jury verdict in

1

Defendants' favor and dismissal of Almonte's claim of excessive use of force during a December 2013 arrest. For the reasons set forth below, Defendants' motion is DENIED.

**I. Background**

The following facts are drawn from Almonte's criminal proceedings, United States v. Almonte, 14 Cr. 86 (KPF) (S.D.N.Y.), Judge Engelmayer's August 21, 2018 Opinion & Order which granted Defendants' motion for partial summary judgment on certain of Almonte's claims in this action, Almonte v. City of New York, No. 15 Civ. 6843 (PAE), 2018 WL 3998026 (S.D.N.Y. Aug. 21, 2018), and the testimony and evidence introduced during the June 2019 jury trial before this Court, Almonte v. Hines, 15 Civ. 6843 (JFK) (S.D.N.Y.).

**A. Almonte's Arrest and Conviction**

During the early morning hours of December 5, 2013, Defendants were patrolling the 44th Precinct in the Bronx when they arrived at Claremont Park, which had recently been the site of a string of robberies and, at that time of the night, was closed to the public. At approximately 12:45 a.m., Defendants observed Almonte walking in the park. As Defendants approached him in their marked police car, Almonte looked in their direction and walked towards the park exit. Hines called out to him. Almonte stopped near the park exit and approached the police car. When Cadavid attempted to issue a summons to

Almonte for trespassing in the park after hours, Almonte fled from the officers and began running down a street adjacent to the park. As he ran, Almonte removed his jacket and threw it to the ground. Hines chased after Almonte and quickly tackled him. The tackle caused minor injuries to Almonte's hands, arms, and legs. After Almonte was restrained and handcuffed, Cadavid recovered a loaded revolver from inside the jacket Almonte had discarded.

Almonte was arrested on several state charges, including criminal possession of a weapon, resisting arrest, and criminal trespass. On December 19, 2013, Almonte was indicted in the New York State Supreme Court in Manhattan on related charges, and on February 7, 2014, he was indicted in the Southern District of New York for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). During his initial appearance in federal court, Almonte was detained on consent; he remained in the custody of the Federal Bureau of Prisons for the entirety of the criminal action. On December 3, 2014, a federal jury unanimously convicted Almonte of unlawful possession of a firearm after a three-day trial before Judge Failla. Almonte filed a series of motions to challenge his conviction, including motions to set aside the verdict, for a new trial, and for a judgment of acquittal, none of which was successful. On January

25, 2016, Almonte was sentenced to 72 months' imprisonment.[1]  His conviction was affirmed by the Second Circuit on August 17, 2017.

### B. Almonte's Civil Action and Trial

On August 28, 2015, prior to his sentencing, Almonte initiated this action pro se as a prisoner complaint under the Civil Rights Act, 42 U.S.C. § 1983.  The complaint alleged that during Almonte's December 5, 2013 arrest, Defendants stopped him without probable cause, struck him, applied chokeholds, and dragged him along the ground.  Almonte sought $2 million in damages.

On September 15, 2017, Defendants and former-Defendant the City of New York ("the City") moved for partial summary judgment with respect to Almonte's unlawful stop and false arrest claims against Defendants, and as to all of his § 1983 claims against the City.  Defendants, however, did not move for summary judgment on Almonte's § 1983 excessive force claim.  On August 21, 2018, Judge Engelmayer granted the motion and ordered the parties to prepare for trial on the one surviving claim.  On September 5, 2018, Judge Engelmayer granted Almonte's request for pro bono trial counsel, and the following month attorneys

---

[1] According to the Federal Bureau of Prisons inmate locator, Almonte, Prisoner Registration Number 69856-054, was released from federal custody on March 1, 2019. See https://www.bop.gov/inmateloc/ (last visited Mar. 6, 2020).

4

from DLA Piper entered notices of appearance on his behalf. Judge Engelmayer scheduled a four-day jury trial for June 24–27, 2019.

In May 2019, Plaintiff moved in limine to, inter alia, preclude evidence of the firearm during the trial. Defendants cross-moved to, inter alia, introduce the firearm as well as evidence of Almonte's conviction. Plaintiff's primary argument against introduction of the firearm or Almonte's conviction rested on the thesis that the determinative issue to be decided by the jury was the reasonableness of force that Defendants used during the arrest. Accordingly, Plaintiff argued, the discovery of the gun after the arrest and Almonte's resulting conviction should be excluded as irrelevant and unduly prejudicial.

While the in limine motions were pending, the case was reassigned to Judge Stanton. On June 3, 2019, Judge Stanton granted Plaintiff's in limine motion and denied Defendants' cross-motion, in relevant parts, by precluding Defendants from introducing evidence of the firearm or Almonte's conviction. On June 12, 2019, however, the case was reassigned to this Court, and that same day, Defendants moved for reconsideration of Judge Stanton's decision regarding the admissibility of the firearm and Almonte's conviction. Plaintiff opposed the motion, but on June 19, 2019, five days before the trial was scheduled to begin, the Court granted Defendants' motion for reconsideration

5

in part by allowing them to admit evidence of the firearm to challenge Almonte's credibility, but barring them from introducing evidence of Almonte's conviction unless he first opened the door on the issue during the trial.

On June 23, 2019, Plaintiff moved for reconsideration of the Court's June 19, 2019 order, to which Defendants filed an opposition later that same day.  The following day, which also happened to be the first day of trial, the Court denied Plaintiff's motion for reconsideration.  Jury selection began and the trial commenced, during which Almonte and Officers Hines and Cadavid testified about the circumstances surrounding Almonte's December 5, 2013 arrest.  At the conclusion of Plaintiff's case-in-chief, Defendants moved for judgment as a matter of law pursuant to Rule 50 of the Federal Rules of Civil Procedure.  The Court denied the motion.  Defendants offered their rebuttal case by adopting the testimony of Hines and Cadavid, after which they rested and renewed their Rule 50 motion.  Once again, the Court denied the motion.  On June 27, 2019, the jury unanimously returned a verdict in favor of Defendants by finding that Plaintiff had not proved by a preponderance of the evidence that Hines intentionally or recklessly used excessive force against Almonte during the arrest.

On July 22, 2019, Defendants moved for an order requiring Almonte and DLA Piper to pay to Defendants' attorneys, Corporation Counsel of the City of New York ("Corporation Counsel"), approximately $49,000 in legal fees pursuant to 42 U.S.C. § 1988, 28 U.S.C. § 1927, and the Court's inherent power to levy sanctions on parties who misuse the judicial process. Almonte's Counsel opposed the motion on their own behalf; Almonte himself, however, never filed any opposition or counterargument to Defendants' request.

**II. Analysis**

    **A. Legal Standard**

Federal Rule of Civil Procedure 54(d)(2) allows a party to file a claim for attorney's fees by motion. Title 42 of the United States Code, Section 1988, "allows the award of 'a reasonable attorney's fee' to 'the prevailing party' in various kinds of civil rights cases, including suits brought under § 1983." Fox v. Vice, 563 U.S. 826, 832–33 (2011). "The purpose of awarding such fees [where a defendant is the prevailing party] is to discourage litigants from bringing frivolous cases and to spare members of the public from the expense of defending against baseless allegations." Abeyta v. City of New York, No. 12 Civ. 5623 (KBF), 2014 WL 929838, at *1 (S.D.N.Y. Mar. 7, 2014), aff'd, 588 F. App'x 24 (2d Cir. 2014) (brackets and internal quotation marks omitted). Where a court determines

7

that a plaintiff's action was frivolous, unreasonable, or without foundation, the court may grant reasonable fees to the defendant for costs that the defendant would not have incurred but for the frivolous claims. Fox, 563 U.S. at 829, 833.

Courts also have the inherent authority to sanction a litigant or his attorneys for actions taken "in bad faith, vexatiously, wantonly, or for oppressive reasons." United States v. Int'l Bhd. of Teamsters, 948 F.2d 1338, 1345 (2d Cir. 1991) (quotation marks omitted). Further, under 28 U.S.C. § 1927, an attorney "who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. "[T]he only meaningful difference between an award made under § 1927 and one made pursuant to the court's inherent power is [that] . . . awards under § 1927 are made only against attorneys or other persons authorized to practice before the courts while an award made under the court's inherent power may be made against an attorney, a party, or both." Oliveri v. Thompson, 803 F.2d 1265, 1273 (2d Cir. 1986).

"A sanctions award is a powerful weapon in the Court's arsenal." Pac. Elec. Wire & Cable Co., Ltd. v. Set Top Int'l Inc., No. 03 Civ. 9623 (JFK), 2005 WL 2036033, at *5 (S.D.N.Y. Aug. 23, 2005). Accordingly, "courts must tread carefully in

this area, lest they 'stifle the enthusiasm or chill the creativity that is the very lifeblood of the law.'" Id. (quoting Motown Prods., Inc. v. Cacomm, Inc., 849 F.2d 781, 785 (2d Cir. 1988)). Requests for sanctions require the moving party to satisfy a very high bar: "As a statute with a punitive thrust, § 1927 is to be strictly construed," Cresswell v. Sullivan & Cromwell, 922 F.2d 60, 70 (2d Cir. 1990), and "inherent powers must be exercised with restraint and discretion," Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991).

### B. Discussion

#### 1. Attorneys' Fees Pursuant to 42 U.S.C. § 1988

Defendants request the Court order Almonte to compensate Corporation Counsel for the time and effort two of its attorneys spent defending Hines and Cadavid against Almonte's failed, and purportedly meritless, claim of excessive force. Almonte did not oppose the motion.

"Section 1988 'authorizes a district court to award attorney's fees to a defendant upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation.'" Abeyta v. City of New York, 588 F. App'x 24, 26 (2d Cir. 2014) (summary order) (quoting Fox, 563 U.S. at 833). Nevertheless, "a plaintiff should not be assessed his opponent's attorney's fees unless [the] court finds that his claim [meets one of these three requirements], or that the plaintiff

continued to litigate after it clearly became so." Panetta v. Crowley, 460 F.3d 388, 399 (2d Cir. 2006) (quoting Christiansburg Garment Co. v. Equal Emp't Opportunity Comm'n, 434 U.S. 412, 422 (1978)). Accordingly, even though neither Almonte nor DLA Piper directly challenged Defendants' motion for attorneys' fees pursuant to § 1988, the Court may only grant such a request after first finding that Almonte's claims were frivolous, unreasonable, or without a foundation. The Court declines to do so, and it thus denies Defendants' § 1988 request.

First, Almonte's excessive force claim was not frivolous or unreasonable because no dispute ever existed regarding whether (1) Hines physically tackled Almonte to the ground and a struggle ensued afterwards, (2) during an encounter that began when Almonte drew the officers' attention for the minor offense of trespassing afterhours in a closed outdoor park, and (3) that the tackle caused visible, albeit at first glance minor, physical injuries to Almonte's person. Although the parties disputed whether Hines applied a chokehold or punched Almonte during the struggle, a reasonable juror could have looked at these undisputed facts and determined that Hines' split-second decision to tackle Almonte, and keep him on the ground until he could be handcuffed, was an excessive use of force in the circumstances. The fact that a reasonable juror could—and,

indeed, did—find otherwise does not retroactively make Almonte's claim frivolous or unreasonable. See Nicholas v. Harder, 637 F. App'x 51, 53 (2d Cir. 2016) (summary order reversing and vacating district court's award of attorneys' fees to police officer defendants in a § 1983 action) ("[T]he mere fact that the jury ultimately chose to disbelieve [the plaintiff] did not render her claim frivolous.").

Second, unlike the circumstances in Abeyta, 2014 WL 929838, which granted a request by defendant New York City police officers for an award of attorneys' fees, here, Almonte's excessive force claim had a sufficient foundation because it did not rely solely on his own credibility to establish whether the predicate § 1983 alleged misconduct occurred. Unlike Abeyta, Almonte's claims arose out of and were centered on the uncontested fact that Hines physically brought Almonte to the ground during the arrest and inflicted at least some injury on him in the process. Whether Almonte was entitled to any compensation as a result could only be resolved by a jury of his and Hines's peers.

In Abeyta, by contrast, the parties wholly disputed whether the police officer defendants ever slammed the plaintiff's head against the hood of their squad car during the arrest, as Abeyta alleged and which he claimed caused his injuries. See Abeyta, 2014 WL 929838, at *2. At the summary judgment stage the Abeyta

11

court ruled that this disputed question of fact necessitated a trial. See id. at *1.  After the trial, however, the court "invited" the defendant police officers to file a motion for attorneys' fees when it became "frustratingly evident at trial that this was a case that never should have been filed" and "what appeared to be disputed issues of fact at summary judgment were revealed as obviously fictitious allegations at trial." Id. at *1, *2.  These circumstances are wholly different than the circumstances of Almonte's action. Cf. Nicholas, 637 F. App'x at 52 ("Ordinarily, a claim should not be deemed groundless where the plaintiff has made a sufficient evidentiary showing to forestall summary judgment and has presented sufficient evidence at trial to prevent the entry of judgment against him as a matter of law.  As the decisions of this Court demonstrate, it is very rare that victorious defendants in civil rights cases will recover attorneys' fees.") (citations and internal quotation marks omitted).

Accordingly, Defendants' motion for attorneys' fees pursuant to 42 U.S.C. § 1988 is denied.

### 2. Sanctions Pursuant to 28 U.S.C. § 1927 and the Court's Inherent Power

Defendants also request that the Court sanction not just Almonte, but his pro bono trial counsel as well, by ordering Almonte to pay approximately $49,000 to Corporation Counsel for

allegedly perjuring himself during the trial, and levying the same against DLA Piper for their purportedly improper efforts to gain an unfair advantage over Defendants.

To succeed on a motion for sanctions under either § 1927 or the Court's inherent powers, the movant must demonstrate "clear evidence that (1) the offending party's claims were entirely without color, and (2) the claims were brought in bad faith—that is, motivated by improper purposes such as harassment or delay." Huebner v. Midland Credit Mgmt., Inc., 897 F.3d 42, 55 (2d Cir. 2018) (quoting Kim v. Kimm, 884 F.3d 98, 106 (2d Cir. 2018)), cert. denied, 139 S. Ct. 1282 (2019). "The test is conjunctive and neither meritlessness alone nor improper purpose alone will suffice." Sierra Club v. U.S. Army Corps of Eng'rs, 776 F.2d 383, 390 (2d Cir. 1985). "Section 1927 and inherent-power sanctions require clear evidence of both." Pac. Elec. Wire & Cable Co., 2005 WL 2036033, at *5 (citing Schlaifer Nance & Co. v. Estate of Warhol, 194 F.3d 323, 336 (2d Cir. 1999)). Further, sanctions may only be imposed "when there is a finding of conduct constituting or akin to bad faith." Sakon v. Andreo, 119 F.3d 109, 114 (2d Cir. 1997). "A court may infer bad faith when a party undertakes frivolous actions that are 'completely without merit.'" Huebner, 897 F.3d at 55 (quoting In re 60 E. 80th St. Equities, Inc., 218 F.3d 109, 116 (2d Cir. 2000)).

As discussed above, the Court declines to view Almonte's claims as frivolous, unreasonable, or without a foundation—i.e., the Court will not deem them to be meritless. Accordingly, Defendants have failed to satisfy the first prong of the test for sanctions. Likewise, the Court will not infer bad faith by Almonte for the purported transgression of going to trial on what could have been winning claims, nor bad faith on the part of DLA Piper who zealously and honorably pursued this action on his behalf in a manner consistent with the highest traditions of advocacy in this district. Indeed, the two purportedly false statements that Defendants argue Plaintiff "knowingly" made to the Court are (1) asserted without any basis for how Almonte's Counsel knew that the statements were false; and (2) woefully inadequate to support a finding of bad faith: The first statement is not even false, and the second was a minor factual assertion that played no role in the Court's analysis of Plaintiff's motion for reconsideration and about which Almonte's Counsel could have easily been mistaken during the compressed timeline in which they were required to draft their letter. The mistake is further excusable because Almonte's habeas petition was denied without prejudice as prematurely filed, and a second, timely filed habeas petition could have been pending.

Finally, the Court agrees with the argument advanced by Almonte's Counsel that under the circumstances of this case the

sanctions sought by Defendants are wildly inappropriate and could negatively impact the availability of pro bono counsel for future indigent plaintiffs with facially valid claims against powerful defendants. Contrary to Defendants' protestations, courts should be reluctant to issue monetary sanctions against honorable and proficient pro bono law firms and attorneys—such as the team from DLA Piper in this case—who generously volunteer their time to vindicate the civil rights of indigent clients, and who assist the judiciary—and, indeed, even Corporation Counsel—by avoiding uncounseled trials.

Accordingly, Defendants' motion for sanctions pursuant to 28 U.S.C. § 1927 and the Court's inherent power is denied.

### III. Conclusion

For the reasons set forth above, Defendants' motion for attorneys' fees and sanctions is DENIED.

The Clerk of Court is directed to terminate the motion docketed at ECF No. 162 and remove this case from the active docket.

**SO ORDERED.**

Dated: New York, New York
March 11 , 2020

John F. Keenan
United States District Judge